IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **STEPHEN C. CHAMBERS # 72861,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 3:26-cv-00442** |
| **v.** | ) | |
| | ) | **Judge Trauger** |
| **CHAD YOUKER,** ***Captain*****,** | ) | **Magistrate Judge Holmes** |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM OPINION AND ORDER**

Stephen C. Chambers, a pre-trial detainee in the custody of the Williamson County Jail in Franklin, Tennessee, filed a pro se Complaint under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc to 2000cc-5, concerning the removal of his religious materials, including his Bible and Alcoholics Anonymous books. (Doc. No. 1). Plaintiff also asserts claims under Tennessee Code Annotated § 41-21-211 and the "Spending Clause, Commerce Clause, [and] Federal Torts Claims Act." (*Id*. at 3). He filed an Application for Leave for Proceed In Forma Pauperis ("IFP Application") (Doc. No. 2) and a Motion to Compel (Doc. No. 9). The court must begin with the filing fee.

**I. FILING FEE**

To file a federal civil lawsuit, a plaintiff must submit the civil filing fee or an application for leave to proceed in forma pauperis. In addition, if seeking pauper status, a plaintiff must provide a certified copy of his inmate trust fund account statement for the 6-month period immediately preceding the filing of his complaint as required by 28 U.S.C.§ 1915(a)(2) and a statement of his transactions over the past six months.

A plaintiff cannot certify his own statement. The statement must be signed by the jail official who manages inmate trust accounts, which make it "certified." If the facility does not maintain inmate trust fund accounts, a plaintiff may submit a signed statement in lieu of a certified inmate account fund statement. Notarization is not required. Jail officials often provide this statement on a form entitled "Certificate of Prisoner Institutional/Trust Fund Account Activity."

If jail officials refuse to comply with a plaintiff's request for the certified statement, he may provide written documentation to the court of the dates he requested the statement, to whom he requested the statement, and the response(s) of the person(s) to whom the plaintiff requested the statement.

Here, Plaintiff has informed the court in writing that he requested, via kiosk, his certified statement from "Lieutenant Linquist, all deputies, and booking" on April 21, 2026, and he orally requested the statement from Sergeant Crowe on the same day at 12:25 pm. (Doc. No. 6 at 1). Plaintiff has not received any responses. He has sought two extensions while waiting for a response (Doc. Nos. 6, 8), which the court granted (Doc. Nos, 7, 10). Plaintiff now has filed a Motion to Compel the jail staff to provide the needed certified statement. (Doc. No. 9).

Plaintiff has provided written documentation of the dates he requested the certified statement and to whom he requested it. The court takes judicial notice of the difficulties described by numerous other Williamson County Jail inmates in obtaining certified copies of their inmate account statements. *See, e.g., Karl Bjork v. Chad Youker*, No. 3:26-cv-432 (Doc. No. 12) (order granting IFP status to plaintiff when jail officials had not provided his certified statement in a timely manner and plaintiff submitted written documentation of his attempts to obtain the

statement). Under these specific circumstances,[1] the court finds that Plaintiff has made a good faith effort to obtain the required document. He should not be prevented from pursuing this lawsuit as a pauper simply because a jail official refuses to cooperate. Neither should his case be delayed for months due to a jail official's failure to provide the required material by the court's deadline.

Under the Prisoner Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). Given Plaintiff's representations under penalty of perjury (*see* Doc. No. 2 at 1-2), the court finds that Plaintiff lacks sufficient financial resources from which to pay the full filing fee in advance. Therefore, his IFP Application (Doc. No. 2) is **GRANTED**.[2] His Motion to Compel (Doc. No. 9) is **DENIED AS MOOT**.

Under § 1915(b), Plaintiff nonetheless remains responsible for paying the full filing fee. The obligation to pay the fee accrues at the time the case is filed, but the PLRA provides prisoner-plaintiffs the opportunity to make a "down payment" of a partial filing fee and to pay the remainder in installments. Accordingly, Plaintiff is hereby assessed the full civil filing fee of $350, to be paid as follows:

(1) The custodian of Plaintiff's inmate trust fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the

---

[1] *See Laron V. Cole v. Judge D. Gay*, No. 3:24-cv-1178 (granting pauper status to the prisoner-plaintiff even without a certified statement after he provided documentation of his multiple unsuccessful attempts to obtain a certified statement); *Miles v. Dickson Cnty. Sheriff's Office*, No. 3:23-cv-00259, 2023 WL 3168585, at *1 (M.D. Tenn. Apr. 28, 2023) (granting IFP Application when plaintiff documented multiple unsuccessful attempts to obtain trust fund account statement from jail officials).

[2] If at any time during this litigation the court determines that Plaintiff provided inaccurate information on his IFP Application, the court may rescind his pauper status and require the outstanding balance of the filing fee to be paid in one payment immediately.

greater of – (a) the average monthly deposits to Plaintiff's account; or (b) the average monthly balance in Plaintiff's account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1).

(2) After the initial filing fee is fully paid, the trust fund officer must withdraw from Plaintiff's account and pay to the Clerk of this Court monthly payments equal to 20% of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until the entire filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

(3) Each time the trust account officer makes a payment to this court as required by this Order, he or she must print a copy of the prisoner's account statement showing all activity in the account since the last payment made in accordance with this Order and submit it to the Clerk along with the payment. All submissions to the court must clearly identify Plaintiff's name and the case number as indicated on the first page of this Order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

The Clerk of Court is **DIRECTED** send a copy of this Order to the administrator of inmate trust fund accounts at the Williamson County Jail to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian of his inmate trust fund account **MUST** ensure that a copy of this Order follows Plaintiff to his new place of confinement for continued compliance.

## II. PRISON LITIGATION REFORM ACT SCREENING

The Complaint is before the court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in Section 1915(e)(2)(B). *Id.* § 1915A(b).

The court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520121 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

First, the Complaint alleges claims under 42 U.S.C. § 1983 and RLUIPA concerning the removal of Plaintiff's religious materials and retaliation against Plaintiff for exercising (or attempting to exercise) his religion.

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under Section 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that

the deprivation was caused by a person acting under color of state law. *Dominguez v. Corr. Med. Servs.,* 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Panama Heights*, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983. Plaintiff's Section 1983 claims are premised on the violation of his First Amendment rights.

"The Free Exercise Clause of the First Amendment . . . provides that 'Congress shall make no law . . . prohibiting the free exercise [of religion].'" *Maye v. Klee*, 915 F.3d 1076, 1083 (6th Cir. 2019) (quoting U.S. Const. amend. I). "In any free exercise claim, the first question is whether 'the belief or practice asserted is religious in the [plaintiff's] own scheme of things' and is 'sincerely held.'" *Id*. (quoting *Kent v. Johnson*, 821 F.2d 1220, 1224 (6th Cir. 1987)). Where a plaintiff makes this threshold showing, the court must consider whether a regulation that "impinges on inmates' constitutional rights . . . is reasonably related to legitimate penological interests." *Id*. (quoting *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 349 (1987)). If not, "the inquiry ends, and the prisoner prevails." *Cavin v. Mich. Dep't of Corr*., 927 F.3d 455, 461 (6th Cir. 2019) (citations omitted). If so, then the court balances "(1) whether the prisoner possesses alternative avenues for exercising his religion; (2) whether accommodating the prisoner would affect 'guards and other inmates' or 'the allocation of prison resources generally'; and (3) whether 'obvious, easy alternatives' exist that suggest 'the regulation is not reasonable.'" *Id*. (quoting *Turner v. Safley*, 482 U.S. 78, 89-91 (1987)).

RLUIPA provides stronger protection for the religious liberty of incarcerated individuals than the First Amendment. *Colvin v. Caruso*, 605 F.3d 282, 296 (6th Cir. 2010) (citing *Lovelace v. Lee*, 472 F.3d 174, 199-200 (4th Cir. 2006)). To state a claim under RLUIPA, a prisoner must (1) "demonstrate that he seeks to exercise religion out of a 'sincerely held religious belief'" and (2) "show that the government substantially burdened that religious exercise." *Cavin v. Mich.*

*Dep't of Corr.*, 927 F.3d 455, 458 (6th Cir. 2019) (quoting *Holt v. Hobbs*, 574 U.S. 352, 361 (2015)). If the prisoner satisfies these elements, then the burden shifts to the government to show "that the burden furthers 'a compelling government interest' and 'is the least restrictive means' of doing so." *Id.* (quoting 42 U.S.C. § 2000cc-1(a)).

Here, the Complaint alleges facts from which the court may infer that Plaintiff has a sincerely held belief that reading and studying the Bible is part of his religious practice. (*See* Doc. No. 1 at 4). For example, the Complaint alleges that, after the purported Bible Ban, Plaintiff is "not able to engage in Lent, Good Friday, or Easter Biblical readings or spiritual AA book steps" which "coerc[ed] . . . atheistic and agnostic policy . . . on [Plaintiff's] religion . . . ." (*Id.* at 5). The Complaint also alleges that, on or about January 18, 2025, the Williamson County Sheriff's Office, under the direction of Chad Youker, seized all physical or digital Bibles and AA books in the county jail. (*Id.*)

A reasonable factfinder could conclude that actions taken pursuant to a jail policy that prohibits inmates at the Williamson County Jail from possessing or accessing Bibles, as alleged in the Complaint, impinges on inmates' constitutional and RLUIPA rights. *Brown v. Page*, No. 2:20-cv-00070, 2021 WL 288754, at *3 (M.D. Tenn. Jan. 27, 2021) (finding plaintiff had stated viable First Amendment and RLUIPA claims based on restricted access to Bible). "[L]imiting an inmate's access to the religious literature that he is required to read as part of his practice constitutes a substantial burden on his religious exercise." *Yates v. Painter*, 306 F. App'x 778, 780 (3d Cir. 2009) (citing *Washington v. Klem*, 497 F.3d 272, 282-83 (3d Cir. 2007)).

Further, a reasonable factfinder could conclude that the allegations of the Complaint state colorable retaliation claims under Section 1983 against Defendant Youker in his individual capacity. *See Hill v. Lappin*, 630 F.3d 468, 472 (6th Cir. 2010) (quoting *Thaddeus-X v. Blatter*,

175 F.3d 378, 394, 398 (6th Cir. 1999) (en banc) (internal quotation marks omitted) (To establish a claim of First Amendment retaliation, "a prisoner must prove that (1) he engaged in protected conduct, (2) the defendant took an adverse action that is capable of deterring a person of ordinary firmness from continuing to engage in that conduct, and (3) the adverse action was motivated at least in part by the prisoner's protected conduct.")).

In short, the allegations presently before the court therefore permit Plaintiff's Section 1983 and RLUIPA claims to proceed for further development of the record.

These allegations also allow the court to reasonably infer that the challenged Williamson County Jail policies violate Tennessee's statute requiring inmate access to a Bible during non-working hours. Tenn. Code. Ann. § 41-21-211 ("Each inmate shall be provided with a Bible, which the inmate may be permitted to peruse in the inmate's cell at such times as the inmate is not required to perform prison labor.").

Because Plaintiff alleges facts from which the court may infer that these alleged violations were a result of official policies, his claim may proceed against Captain Youker in his official capacity, which is functionally a claim against Williamson County itself. *See Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003). The Section 1983 and state-law claims also will proceed against Captain Youker in his individual capacity, but any individual-capacity RLUIPA claim will be dismissed. *See Haight v. Thompson*, 763 F.3d 554, 569-70 (6th Cir. 2014) (RLUIPA does not permit money damages against prison officials in their individual capacities).

Moving to Plaintiff's other claims, the Federal Tort Claims Act allows lawsuits against the United States "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be

liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b); *Berkovitz by Berkovitz v. United States*, 486 U.S. 531, 535 (1988). Plaintiff has not sued the United States; his claims are against a county employee. Plaintiff's claims under the Federal Torts Claim Act therefore fail to state claims upon which relief can be granted and will be dismissed.

The Complaint purports to also allege claims under the "Spending Clause" and "Commerce Clause." (Doc. No. 1 at 3). However, it does not explain what claims Plaintiff believes he has under these clauses. To pursue a claim for a jail's refusal to provide a Bible under the Spending or Commerce Clause, an inmate would typically utilize RLUIPA, which Plaintiff here has done. To the extent the Complaint asserts other claims under the Spending or Commerce Clauses against Defendant Youker, any such claims will be dismissed.

## III. CONCLUSION

Having screened the Complaint pursuant to the PLRA, the court finds that it states viable claims under the First Amendment, RLUIPA, and Tennessee state law. These claims shall proceed against Captain Youker in his official and individual capacities, except the RLUIPA claim which shall proceed against Captain Youker in his official capacity only.

Plaintiff's claims under the Federal Tort Claims Act, the Spending Clause, and the Commerce Clause are **DISMISSED**.

Accordingly, the Clerk is **DIRECTED** to send Plaintiff a service packet (a blank summons (AO 440) and USM 285 form) for Defendant Chad Youker. Plaintiff **MUST** complete the service packet and return it to the Clerk's Office within **30 DAYS** of the entry of this Order. Failure to do so may result in the dismissal of this case. Upon return of the properly completed service packet,

the Clerk is **DIRECTED** to issue summons to the U.S. Marshals Service for service on Defendant Youker. Fed. R. Civ. P. 4(b) and 4(c)(3).

Pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B), this action is **REFERRED** to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pre-trial, non-dispositive motions, to issue a Report and Recommendation on all dispositive motions, and to conduct further proceedings, if necessary, under Rule 72(b), Fed. R. Civ. P., and the Local Rules of Court.

The court's determination that the complaint states a colorable claim for purposes of this initial screening does not preclude the court from dismissing any claim at any time for reasons set forth in 28 U.S.C. § 1915(e)(2), nor does it preclude Defendant from filing a motion to dismiss any claim under Federal Rule of Civil Procedure 12.

Plaintiff is forewarned that his prosecution of this action will be jeopardized if he should fail to keep the Clerk's Office informed of his current address.

It is so **ORDERED**.

Aleta A. Trauger
United States District Judge